

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-08-268-CR

DAVID WAYNE NEWSOM                                            APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

David Wayne Newsom appeals his conviction on two counts of aggravated sexual assault of a child under fourteen years of age. Newsom entered an open plea of guilty to both counts. A jury assessed Appellant's punishment at eleven years' confinement in the Correctional Institutions Division of the Texas Department of Criminal Justice for each of the two

---

[1] ... *See* Tex. R. App. P. 47.4.

counts. The trial court sentenced him accordingly, and ordered the two eleven-year terms to run consecutively.

Newsom's court-appointed appellate counsel filed a motion to withdraw as counsel and a brief in support of that motion. In his motion, counsel avers that after conducting a professional evaluation of the record, he reached the conclusion that there are no arguable grounds to advance Appellant's appeal and that the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 741, 87 S. Ct. 1396, 1400 (1967); *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008). Thereafter, we gave Appellant an opportunity to file a pro se brief, and Appellant filed a pro se brief which raises four points.[2] The State did not file a reply brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in concluding that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.–Fort Worth 1995,

---

[2] Appellant's pro se brief raises the following four points of error: ineffective assistance of counsel, use of testimony by an improper outcry witness, lack of a pre-sentence investigation report, and cruel and unusual punishment.

no pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, Appellant's pro se brief, and the appellate record.  We agree with counsel that this appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support any appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005).  Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 25, 2009

3